Donald S. Zakarin (DZ 6355)
dzakarin@pryorcashman.com
Ilene S. Farkas (IF 3212)
ifarkas@pryorcashman.com
M. Mona Simonian (MS 2654)
msimonian@pryorcashman.com
PRYOR CASHMAN LLP
410 Park Avenue
New York, New York  10022
(212) 421-4100

*Attorneys for Defendants*
*Daron Malakian and Serj Tankian*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXWOOD MUSIC LIMITED,<br><br>                    Plaintiff,<br><br>        -against-<br><br>DARON MALAKIAN, individually and doing business as MALAKIAN PUBLISHING, and SERJ TANKIAN, individually and doing business as SHATTERED MIRRORS PUBLISHING,<br><br>                    Defendants. | 08 Civ. 1730 (RS)<br><br>**ANSWER OF DEFENDANT**<br>**SERJ TANKIAN** |

Defendant Serj Tankian ("Tankian"), individually and doing business as Shattered Mirrors Publishing ("Shattered Mirrors") (hereinafter, "Defendant"), by his attorneys, Pryor Cashman LLP, as and for his Answer to the Corrected Complaint of plaintiff Maxwood Music Limited, dated February 25, 2008 (the "Complaint"), states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except denies that "B.Y.O.B." was co-written by Casey "Chaos" Chmielinksi ("Chaos") and admits that plaintiff purports to be seeking the relief

referenced therein, that a song entitled "B.Y.O.B." was recorded and released by the band System of a Down on the album *Mezmerize*, and that Malakian is a member of System of a Down.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except denies that Chaos and Malakian co-wrote the song "B.Y.O.B.," and admits that Malakian was a member of System of a Down in March 2002.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, except admits that Tankian co-wrote, with Daron Malakian of System of a Down, a song entitled "B.Y.O.B.," which was released as a single from the album *Mezmerize* in 2005, that *Mezmerize* debuted at number one on the Billboard charts and sold over a million copies, and that in 2005 System of a Down won a Grammy Award for their recording of "B.Y.O.B."

4.      Denies the allegations set forth in Paragraph 4 of the Complaint, except admits an inadvertently erroneous copyright registration for "B.Y.O.B." was initially filed in 2005, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the National Academy of Recording Arts and Sciences ("NARAS"), and respectfully refers the Court to the copyright registration and the NARAS certificate identified for the contents thereof without conceding that such contents accurately reflected the true facts.

5.      Denies the allegations set forth in Paragraph 5 of the Complaint, except admits, upon information and belief, that Chaos is properly not credited as a co-author in promotional materials relating to the song "B.Y.O.B." because Chaos did not co-author the song.

6.     Denies the allegations set forth in Paragraph 6 of the Complaint, except admits that plaintiff purports to have standing and rights derived from Chaos and claims to be seeking the relief referenced therein.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that Defendant Malakian is a songwriter and recording and performing artist, is a guitar player for System of a Down, and resides in California..

9.     Admits the allegations set forth in Paragraph 9.

10.     Denies the allegations set forth in Paragraph 10 of the Complaint, except admits that Defendant Tankian has agreed not to contest this Court's personal jurisdiction over him in this case and that plaintiff bases subject matter jurisdiction and venue on the statutes alleged therein, and specifically denies that venue is proper in this Court.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and respectfully refers the Court to the *Kerrang!* article referenced therein for the true and complete terms, conditions and contents thereof.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, except denies that Chaos co-wrote or has any ownership interest in the song "B.Y.O.B."

15.     Denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, except denies that Chaos co-wrote the song "B.Y.O.B."

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint except admits that System of a Down recorded the album *Mezmerize* which included a recording of a song entitled "B.Y.O.B." and specifically avers that Chaos did not author or co-author any part of "B.Y.O.B."

20.     Denies the allegations set forth in Paragraph 20 of the Complaint except admits that the song entitled "B.Y.O.B." was released as the first single off the album *Mezmerize*, that "B.Y.O.B." was promoted through various means, as are most singles and albums by the recording companies with respect to their recordings released by their successful recording artists, that the single reached number four position on *Billboard's* Modern Rock Tracks and Mainstream Rock Tracks charts, that the album *Mezmerize* was released in May 2005 and debuted at the number one position on the *Billboard* 200 chart, and that *Mezmerize* sold over a million copies.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Chaos is not listed in the credits for the "B.Y.O.B." single or for the album *Mezmerize* as co-author of "B.Y.O.B." because he did not co-author "B.Y.O.B." or any other song on *Mesmerize*, that

Sony/ATV Songs LLC ("Sony/ATV") inadvertently initially filed a copyright registration for the song "B.Y.O.B." which listed Chaos as one of three authors and mistakenly listed Chaos' publishing designee as a copyright claimant, and respectfully refers the Court to the registration for the contents thereof.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and respectfully refers the Court to the registrations referenced therein for the contents thereof.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and respectfully refers the Court to the registrations referenced therein for the contents thereof, and specifically avers that Chaos has no ownership interest in the song "B.Y.O.B."

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and respectfully refers the Court to the correspondence referenced therein for the complete contents thereof.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that a supplementary registration was filed with the Copyright Office and respectfully refers the Court to the supplementary registration for the complete terms, conditions and contents thereof.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, except admits that plaintiff purports to have filed its own false and inaccurate copyright registration for a song that Chaos did not write and in

which it does not have and could not have any ownership interest, and respectfully refers the Court to that registration for the complete terms, conditions and contents thereof.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, except denies that plaintiff is entitled to receive any public performance royalties with respect to the song "B.Y.O.B."

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, except denies that plaintiff is entitled to receive any public performance royalties with respect to the song "B.Y.O.B." because Chaos does not have any publisher's share of income in connection with the song "B.Y.O.B."

31.    Repeats and realleges each and every response contained in Paragraphs 1 through 30 hereinabove as if fully set forth herein.

32.    Avers that no response is required for the allegation set forth in Paragraph 32 of the Complaint inasmuch as it calls for a legal conclusion, and respectfully refers the Court to the statutes cited for a full and complete statement of the contents therein and the scope and effect of rights granted thereunder.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that plaintiff purports to be seeking the relief referenced therein.

34.    Repeats and realleges each and every response contained in Paragraphs 1 through 33 hereinabove as if fully set forth herein.

35.    Denies the allegation set forth in Paragraph 35 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37.    Plaintiff lacks standing to bring this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred for failure to join indispensable parties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41.    Plaintiff's claims are barred by its and Chaos' unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42.    There was no intent to be joint authors of the song entitled "B.Y.O.B."

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

43.    Any alleged lyrical similarity is de minimis or otherwise not protectible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44.    Defendant reserves the right to assert any such affirmative defenses in the event that discovery indicates that they are proper.

WHEREFORE, Defendant demands judgment against plaintiff as follows:

(a) dismissing the Complaint in its entirety, with prejudice;

(b) awarding Defendants costs and expenses of this action, including reasonable attorneys' fees; and

(c) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 27, 2008

Respectfully submitted,

PRYOR CASHMAN LLP

By:_____s/_____
        Donald S. Zakarin (DZ 6355)
        dzakarin@pryorcashman.com
        Ilene S. Farkas (IF 3212)
        ifarkas@pryorcashman.com
        M. Mona Simonian (MS 2654)
        msimonian@pryorcashman.com
        410 Park Avenue
        New York, New York  10022

        *Attorneys for Defendants*
        *Daron Malakian and Serj Tankian*