Sweet/1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXWOOD MUSIC LIMITED,

        Plaintiff,

      -against-

DARON MALAKIAN, individually and doing
business as MALAKIAN PUBLISHING, and
SERJ TANKIAN, individually and doing
business as SHATTERED MIRRORS
PUBLISHING,

        Defendants.

08 Civ. 1730 (RWS) ( Rws )



RECEIVED
AUG 1 3 2008
JUDGE SWEET CHAMBERS

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties to this action (the "Action"), through their undersigned legal counsel of record, as follows:

1.    "Confidential Information," as used herein, means any type of information which is so designated by any party to the Action or by a subpoenaed non-party, whether revealed during a deposition, in a document response, in an answer to an interrogatory, in any other discovery response, or otherwise, and which, in good faith, constitutes confidential, personal or proprietary information of the party or non-party making the designation as confidential (the "Producing Party"), or which is of such a highly sensitive nature to the Producing Party that the Producing Party believes, in good faith, that such information could be used to its detriment by the party receiving the same (the "Receiving Party"), or others unless disclosure is restricted to only those persons to whom access is essential for the prosecution or defense of the Action and its use is restricted to the Action.

2.    Any written material that contains Confidential Information may be so designated

by the Producing Party by marking on the face of the first page of the material (in such a manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or equivalent.

3.      Any "CONFIDENTIAL" designation which is inadvertently omitted during document production may be corrected by written notification to opposing counsel within 30 days of production.

4.      In the event that Confidential Information is revealed or referred to during the course of a deposition, the Producing Party shall: (i) note such designation on the record of the deposition and shall instruct the court reporter to (a) mark the corresponding portion of the transcript of the deposition "CONFIDENTIAL" and (b) segregate such portion of the transcript from the remainder of the transcript; or (ii) notify opposing counsel in writing thereafter of the portion(s) of the transcript to be designated "CONFIDENTIAL."

5.      Confidential Information shall be inspected by, or described, summarized, stated or otherwise characterized or disclosed only to the following:

        a.      Counsel of record for any party, who execute this Stipulation, including partners, other attorneys, legal assistants and other employees performing support services for such attorneys and legal assistants in connection with this Action;

        b.      The individual parties or the officers, directors, employees, agents or representatives of any corporate parties;

        c.      Bona fide outside experts or consultants employed or retained by any party or its counsel in connection with this Action;

        d.      Witnesses who may be called in good faith to testify at trial or at depositions;

        e.      Court reporters and persons preparing transcripts of depositions or

2

proceedings in this Action for those court reporters;

  f. The Judge in this case or any Judicial Officer appointed by the Judge in this case, as well as members of their respective staffs; and

    g. Any jury in the Action.

  6. Notwithstanding the provisions of paragraph 5 above relating to the inspection of Confidential Information, no party identified in paragraphs 5b., 5c. and 5d. of this Stipulation shall take Confidential Information into his or her own possession without first executing an affidavit in the form annexed hereto as Exhibit "A." The affidavits required by this paragraph shall be maintained by counsel for the party securing such affidavits and copies of the executed affidavits shall be sent to counsel for all other parties prior to sharing Confidential Information with any of the parties identified in paragraphs 5b., 5c. and 5d. above. This provision shall survive the termination of the Action for any reason.

  7. The parties may also designate a limited class of Confidential Information as "ATTORNEYS' EYES ONLY," which only shall be inspected by, or described, summarized, stated or otherwise characterized or disclosed only to Counsel of record for any party, who execute this Stipulation, including partners, other attorneys, legal assistants and other employees performing support services for such attorneys and legal assistants in connection with this Action.

  8. Confidential Information shall be used by the Receiving Party solely in connection with the prosecution or defense of the Action and shall not be used for any other purpose whatsoever, including, without limitation, for any business, competitive, or governmental purpose or function.

  9. Confidential Information described, summarized, stated, characterized, disclosed

3

in or appended to any papers prepared in connection with any motion, hearing or other proceeding in the Action or any appeal in or concerning the Action, shall be filed under seal in accordance with the rules of the Court.

10.    If any party objects to the designation of any material as Confidential Information (including but not limited to ATTORNEYS' EYES ONLY material), the objecting party shall give notice to all parties of their objection. If the parties are unable to resolve the dispute as to whether or not the Confidential Information should remain, the Producing Party shall apply to the Court for a determination that the Confidential Information designation should remain. In the event that such an application is made, any material designated as Confidential Information that is subject to such application shall be treated as Confidential Information until the Court enters an order, if any, directing that the designation be removed. If the Producing Party does not apply to the Court for relief within 30 days from the date of the notice from the Receiving Party, then the Confidential Information designation shall be deemed removed.

11.    Except as otherwise agreed in writing by the parties hereto, within thirty days of the conclusion of the Action, whether the Action is settled, otherwise concluded prior to completion of trial, tried on the merits or otherwise pursued to a final non-appealable judgment, all documents bearing a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, and all copies summaries and abstracts thereof, prepared, produced or otherwise obtained in the Action, shall be returned to the Producing Party or, at the written request of the Producing Party, destroyed and counsel of record for the Receiving Party shall certify in writing that all such documents, copies, summaries and abstracts have been so returned or destroyed.

12.    Nothing herein shall operate as an admission by any of the parties hereto that any material designated as containing Confidential Information contains or reflects trade secrets, or

4

other confidential or proprietary information.

13.     Because confidentiality can never be restored once lost, a party aggrieved by a
threatened or actual violation of this Stipulation may seek preliminary and permanent injunctive
relief to enjoin the same.

14.     The parties shall be bound by this Stipulation upon execution by their respective
counsel.

15.     Any party hereto or any person who otherwise is bound by the terms of this
Stipulation and Order, who violates in whole or in part any of the terms of this Stipulation and
Order, shall be subject in the discretion of the Court to penalties for contempt of Court as
permitted under New York or Federal law.

16.     This Stipulation may be executed in counterparts.

Dated: August 3, 2008
       New York, New York

PRYOR CASHMAN LLP

By: _____
        Donald S. Zakarin (DZ-6355)
        Ilene S. Farkas (IF-3212)
        410 Park Avenue
        New York, New York 10022
        (212) 421-4100

        *Attorneys for Defendants*
        *Daron Malakian and Serj Tankian*

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
        David R. Baum (DB-5013)
        1221 Avenue of the Americas
        New York, New York 10020
        (212) 768-6700

        *Attorneys for Plaintiff*
        *Maxwood Music Limited*

SO ORDERED:

_____
Robert Sweet, U.S.D.J.
Paul A. Crotty
Part I

5

## EXHIBIT A

### AFFIDAVIT

STATE OF NEW YORK )
                   .SS.:
COUNTY OF _____ )

[Name of Affiant], being duly sworn, says:

1.    I have read and understand the attached Stipulation and Order of Confidentiality (the "Stipulation") in Maxwood Music v. Malakian, et al., Case No: 08 Civ. 1730 (RS), in the United States District Court for the Southern District of New York. The terms in this affidavit have the same meaning as those defined in the Stipulation.

2.    Pursuant to the Stipulation, I may be given access to "Confidential Information" of a Producing Party. As a condition of access to that Confidential Information, and in consideration of that access, (a) I agree that I shall be bound by and comply with all the terms of the Stipulation, including those limiting disclosure and use of the Confidential Information, and (b) I submit to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of the Stipulation.

3.    On the basis of this affidavit, the obligations imposed on me by the Stipulation shall be enforceable by the Producing Party to redress any breach of the Stipulation or the agreement in this affidavit.

4.    I have executed this affidavit in duplicate on _____, 2008, whereupon it becomes binding in accordance with its terms.

_____

Sworn to before me this
_____ day of _____, 2008

_____
NOTARY PUBLIC

6