```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

MAXWOOD MUSIC LIMITED,

                    Plaintiff,            08 Civ. 1730

    -against-                              OPINION

DARON MALAKIAN, individually and
doing business as MALAKIAN
PUBLISHING, and SERJ TANKIAN,
individually and doing business as
SHATTERED MIRRORS PUBLISHING,

                    Defendants.

-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/10

A P P E A R A N C E S:

Attorneys for Plaintiff

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020
By: David R. Baum, Esq.
    Nicholas J. Tardif, Esq.

Attorneys for Defendants

PRYOR CASHMAN LLP
7 Times Square
New York, NY  10036
By: Donald S. Zakarin, Esq.
    Ilene S. Farkas, Esq.
    M. Mona Simonian, Esq.

**Sweet, D.J.**

Defendants Daron Malakian ("Malakian"), d/b/a Malakian Publishing, and Serj Tankian ("Tankian"), d/b/a Shattered Mirrors Publishing (together, the "Defendants"), have moved for attorneys' fees and costs, pursuant to 17 U.S.C. § 505, following the May 18, 2010 dismissal of all claims of Plaintiff Maxwood Music Limited ("Maxwood" or the "Plaintiff"). For the reasons set forth below, Defendants' motion is denied for attorneys' fees and granted for costs.

**Prior Proceedings**

This action was commenced by Maxwood on February 21, 2008. The trial and submission of evidence was completed on December 8, 2009 and final argument was held on February 4, 2010.

In an Opinion dated May 18, 2010 (the "May 18 Opinion"), Maxwood's claims were dismissed and Defendants were declared the sole authors of the song "B.Y.O.B." as commercially released by System of a Down. Maxwood Music Ltd. v. Malakian, -- F. Supp. 2d --, 2010 WL 2010936

1

(S.D.N.Y. May 18, 2010). The facts relating to this dispute are set forth in the May 18 Opinion.

Defendants requested attorneys' fees and costs in a letter to the Court dated May 21, 2010. Defendants' letter was converted to a formal motion and the motion was marked fully submitted on June 2, 2010.

**Discussion**

    A.    Applicable Standard

The Copyright Act vests the court with discretion to award costs, including reasonable attorneys' fees, to the prevailing party. See 17 U.S.C. § 505. No precise standard governs attorneys' fees awards, but courts are directed to consider several nonexclusive factors, including "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence' . . . so long as such factors are faithful to the purposes of the Copyright Act." Fogerty v. Fantasy,

Inc., 510 U.S. 517, 534 n.19 (1994) (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

The Second Circuit has directed that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, at *2 (S.D.N.Y. April 6, 2004) (quoting Matthew Bender & Co. v. West Pub. Co., 240 F.3d 116, 122 (2nd Cir. 2001)). The mere fact that one party prevailed "does not necessarily mean that the [other party's] position was frivolous or objectively unreasonable." Arclightz and Films Pvt. Ltd. v. Video Palace, Inc., No. 01 Civ. 10135, 2003 WL 22434153, at *3 (S.D.N.Y. Oct. 24, 2003). Rather, "only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." Penguin Books, 2004 WL 728878, at *3. Attorneys' fees should not be awarded to the prevailing party "as a matter of course," but as a matter of the court's discretion. Fogerty, 510 U.S. at 533-34; accord Matthew Bender, 240 F.3d at 121-22.

3

B.  Plaintiff's Claims Were Objectively Reasonable

Defendants have contended that Plaintiff's claims were objectively unreasonable because they were "based solely on the patently incredible and constantly shifting testimony of a single witness," (Def. Letter at 1) and because Plaintiff "failed to properly investigate the facts before bringing this suit." (Def. Reply 2.) They assert that "[t]his Court found Plaintiff's entire case was built upon incredible testimony and falsified evidence." (Def. Reply 4.)

Contrary to Defendants' characterization, however, this case "presented difficult issues of credibility and creativity." Maxwood, 2010 WL 2010936, at *1. It also included the further complication of a documentary record that "inaccurately reflected the intricacies of the publication and copyrighting of 'B.Y.O.B.'," id., because a long trail of documents mistakenly attributed co-authorship of "B.Y.O.B." to Casey Chmielinski. Defendants' motion has failed to consider this finding, which is discussed at length in the May 18 Opinion. See id. at *11-13, 17.

4

Defendants did not have knowledge of the mistaken attribution in the copyright registration with the U.S. Copyright Office, with third-party public performance societies, and in the label copy that credited Chmielinski as a writer.  See id. at *11-13.  However, the existence of these documents, which appeared to support Chmielinski's story, made Plaintiff's pursuit of its claims objectively reasonable and non-frivolous, even if ultimately unsuccessful.  Defendants are therefore not entitled to attorneys' fees.

Since Defendants prevailed after enduring a hard-fought litigation, they are entitled to an award of reasonable costs.

**Conclusion**

Based on the foregoing, Defendants are entitled to reasonable costs but not attorneys' fees.

It is so ordered.

**New York, NY**
~~July~~ June 30, 2010

ROBERT W. SWEET
U.S.D.J.

5